IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GORDON KIRK KEMPPAINEN, (Inmate #113389), | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. H-06-3129 |
| ARANSAS COUNTY DETENTION CENTER, *et al.*, | § § § § | |
| Defendants. | § | |

## ORDER TO TRANSFER

The plaintiff, Gordon Kirk Kemppainen (Inmate #113389) is an inmate in custody at the Aransas County Detention Center. Kemppainen, who appears *pro se*, has filed several civil rights complaints against the Aransas County Detention Center and three other individuals in Corpus Christi, Texas (Patrick Flanigan, Pam Heard, and Armando Cavada). These complaints were docketed as one instrument. (Docket Entry No. 1). After reviewing the pleadings, this Court concludes that this case must be transferred for reasons that follow.

Aransas County, where the plaintiff and the defendants are located, is in the Southern District of Texas, Corpus Christi Division. *See* 28 U.S.C. § 124(b)(6). Neither the parties nor the civil rights violations alleged by the plaintiff have any connection to the Southern District of Texas, Houston Division. Accordingly, the complaints were not properly filed in Houston. *See* 28 U.S.C. § 1391(b); *Mayfield v. Klevenhagen*, 941 F.2d 346, 348 (5th Cir. 1991). A district court has the authority to transfer a case in the interest of justice to another

district or division in which the action might have been brought. *See* 28 U.S.C. §§ 1404, 1406. In particular, § 1404 provides as follows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it may have been brought.

28 U.S.C. § 1404(a). A district court has "broad discretion in deciding whether to order a transfer." *Balawajder v. Scott*, 160 F.3d 1066, 1067 (5th Cir.), *cert. denied*, 526 U.S. 1157 (1999).

The style of the complaints tendered by Kemppainen show that he intended to file this case in Corpus Christi, but that they were sent to the Houston Division in error. In the interest of justice, and for the convenience of the parties and witnesses, this Court concludes that the plaintiff's complaints should be transferred to the Corpus Christi Division pursuant to 28 U.S.C. §§ 1391(b)(2), 1404(a).

Accordingly, the Clerk of Court is **ORDERED** to **TRANSFER** this case to the Clerk of the United States District Court for the Southern District of Texas, Corpus Christi Division, and to **TERMINATE** all pending motions.

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **October 11, 2006.**

_____
Nancy F. Atlas
United States District Judge